UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

BETH STOLTING; ROHAN CASSELLS,
　　　　　　*Plaintiff-Appellants,*

v.

JOLLY ROGER AMUSEMENT PARK,
INCORPORATED, d/b/a Splash
Mountain Water Park; BAY SHORE
DEVELOPMENT CORPORATION,
　　　　　　*Defendants-Appellees.*

No. 01-2141

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-00-299-MJG)

Argued: February 28, 2002

Decided: June 17, 2002

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Bruce Seth Goodman, ALPERT, BUTLER, SANDERS
& NORTON, P.C., West Orange, New Jersey, for Appellants. Kath-
leen M. Bustraan, LORD & WHIP, P.A., Baltimore, Maryland, for
Appellees. **ON BRIEF:** William D. Sanders, ALPERT, BUTLER,
SANDERS & NORTON, P.C., West Orange, New Jersey, for Appel-

lants. J. Paul Mullen, LORD & WHIP, P.A., Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellant Beth Stolting brought this negligence action against Jolly Roger Amusement Park, Inc. d/b/a Splash Mountain Park, and Bayshore Development Corporation of Maryland (collectively referred to as "Jolly Roger"), a water park, for injuries she sustained in an accident on a water slide. Jolly Roger filed a motion *in limine* to exclude Stolting's only expert witness and then moved for summary judgment. The district court granted the motion to exclude the expert and granted Jolly Roger's motion for summary judgment. Finding no error, we affirm the decision of the district court.

I.

On June 2, 1999, Beth Stolting and her fiance, now husband Rohan Cassells, were patrons at Splash Mountain Park. Upon entering the park, Stolting read the disclaimer at the entrance, which stated, "[t]he attractions contained within the Splash Mountain Water park are of a participatory nature and, as such, carry with them an inherent risk of injury. All guests agree, as a condition of admission, to use these facilities at their own risk."

After spending approximately one half hour riding on one or two slides, Stolting decided to ride on the Cannonball Slide ("Cannonball").[1] The Cannonball consists of two fiberglass slides that are side by side

---

[1] The slide is also known as the "Shotgun."

—each is approximately 42 inches in diameter, 10 to 12 feet in height, and 50 feet in length.

Stolting was not instructed on how to position herself on the slide, but she claims to have observed and imitated the actions and body style of others who had gone down the slide previously. Stolting rode down the slide, feet first, with her knees bent at approximately a forty-degree angle. Upon entering the catch pool, Stolting's feet hit the floor of the pool, although she is uncertain if her legs were still bent at a forty-degree angle. She immediately realized that she had injured herself. She felt pain in her feet, legs, and back and later discovered that she had fractured three vertebrae.

Stolting filed a negligence action in the United States District Court for the District of New Jersey. Jurisdiction was based on diversity of citizenship.[2] *See* 28 U.S.C. § 1332. The New Jersey district court granted Jolly Roger's motion to transfer the matter to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 1406(a). Jolly Roger then filed a motion *in limine* to exclude the testimony of Stolting's expert, John H. Hanst, and also moved for summary judgment. The district court granted the motion to exclude the expert and granted summary judgment in favor of Jolly Roger. Stolting appeals.

## II.

While we review *de novo* an award of summary judgment, *Stonehenge Engineering Corp. v. Employers Ins. of Wausau*, 201 F.3d 296, 302 (4th Cir. 2000), we review the district court's ruling on admissibility of expert testimony for abuse of discretion. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 200 (4th Cir. 2001). "The trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

---

[2]Stolting is a New Jersey resident. Jolly Roger is a Maryland corporation with its principal place of business in Maryland.

III.

A.

Stolting contends that the district court erred in excluding Hanst's proposed expert testimony regarding Jolly Roger's duty to warn patrons of the specific dangerousness of the Cannonball, and the need to instruct patrons to tuck their knees when descending the slide and entering the catch pool. Fed. R. Evid. 702 sets forth the legal standard for expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to deter- mine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The trial court has the gate-keeping function to ensure that any and all scientific testimony is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993). "The proponent of the testimony must establish its admissibility by a pre-ponderance of proof." *Cooper*, 259 F.3d at 199. Stolting did not meet that burden here because her expert did not conduct an adequate tech-nical, scientific investigation or analysis of the accident.

Stolting asserts that Hanst's experience as a recreation maintenance supervisor and his investigation of the Cannonball are sufficient for the court to admit his proffer as an expert. Hanst's qualification to render an expert opinion in this case was, at best, dubious.[3] And his

---

[3]Hanst graduated from Bloomfield Technical School, a combination high school and technical school that offers specialized courses in air-craft and aviation mechanics. He is a licensed private investigator, and he investigates recreational hazards. He formerly worked as the recre-ation maintenance supervisor for Essex County, New Jersey. In that posi-

investigation entailed just three visits to the park. On September 1, 2000, he observed and videotaped water park patrons riding down the Cannonball. He also slid down the Cannonball approximately six times. The next day, Hanst met with Stolting and asked her to observe him slide down the Cannonball and to inform him as to how she proceeded down the slide and into the catch pool. He went down the slide between six and twelve times in different body positions. Each time, his feet contacted the bottom of the entry pool without sustaining an injury, and none of the patrons whom he observed riding the slide were injured from the impact of hitting the bottom of the entry pool. On December 1, 2000, Hanst visited the park with an engineer to view the slide and entry pool again.

Thereafter, Hanst concluded that Jolly Roger should have posted a sign that read, "Please draw your knees up and cup your hands under them in a full tuck and hit the water in a cannonball position." J.A. 252. Hanst also concluded that Jolly Roger breached its duty to warn Stolting "that injury would result if the slider did not assume the so-called cannonball position upon entry." J.A. 81. He stated that his conclusions and suggestion for a sign were based upon his experience.

Hanst, however, did not set forth facts and scientific principles or methods to support his conclusion that a specific warning was necessary or that the suggested body position was warranted. His testimony was nothing more than *ipse dixit* — bare conclusions without reliable support. Thus, the district court did not abuse its discretion in excluding Hanst's testimony as an expert.

B.

We need only briefly address whether the district court properly granted summary judgment for Jolly Roger. Stolting asserts that Jolly

---

tion, he was responsible for construction and maintenance of all of the recreational facilities operated by Essex County. Hanst is a certified Aquatics Facilities Operator and a Certified Pool Operator. He is also a member of the World Water Park Association, which is a professional organization of water park operators. However, he has no experience as a designer or builder of water slides.

Roger acted negligently by (1) failing to post a sign warning of the dangerousness of the slide and (2) failing to give specific instructions on how patrons should position their bodies when riding the slide. As we have found that the district court did not err in excluding the testimony of Hanst, Stolting did not have any expert testimony to support her allegations of negligence. However, Stolting contends that Jolly Roger's negligence was supported by the testimony of other non-expert witnesses. But even if we were to assume that the district court erred in excluding Hanst's testimony, and even if we assume Jolly Roger breached a duty to warn or instruct and that breach caused Stolting's injuries, Stolting cannot prevail because she assumed the risk of injury.

The district court properly found that Stolting assumed the risk of injury. Under Maryland law, assumption of the risk is a complete bar to recovery. *ADM Partnership v. Martin*, 348 Md. 84, 91, 702 A.2d 730, 734 (1997). To establish assumption of the risk, the defendant must show that the plaintiff: (1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger. *Id.* The district court acknowledged that this is usually a question for the jury, but when it is clear that by using an objective test, "a person of normal intelligence in the position of the plaintiff must have understood the danger, the issue is for the court." *Schroyer v. McNeal*, 323 Md. 275, 283-84, 592 A.2d 1119, 1123 (1991). At the time of injury, the evidence established that Stolting was a college educated adult who had ridden water slides "hundreds of times." She had a six-foot water slide at her home and had ridden a water slide similar to the Cannonball before. She also admitted to reading the disclaimer before entering the park. Under these facts, a similarly situated person would have reasonably known of the risk of danger.

The district court properly found that Stolting's age, education, and experience on water slides established that she was also able to appreciate the risk; that she voluntarily confronted the risk of danger by reading the disclaimer, watching other patrons slide down the Cannonball, relying on her prior experiences with water slides, and choosing to ride the slide of her own free will; and that a reasonable person with Stolting's experience clearly would have comprehended the risk of riding the Cannonball. Therefore, Stolting's assumption of the risk bars any recovery.

## IV.

Having considered the record, the briefs, the applicable law, and having had the benefit of oral argument, we see no reason to overturn the district court's ruling. Therefore, we affirm.

*AFFIRMED*